IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | *   CRIMINAL CASE NO. PWG-10-308 |
| NERY GUSTAVO RAMOS DUARTE | * |
| | * |

* * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

Defendant Nery Gustavo Ramos Duarte was convicted of conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; conspiracy to import controlled substances, in violation of 21 U.S.C. § 963; conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); and conspiracy to smuggle bulk cash outside of the United States, in violation of 18 U.S.C. § 371. ECF Nos. 1, 105. He had been arrested on these charges on October 25, 2010 at the United States–Mexico Border Crossing in San Ysidro, California, at which time $5,414.00 in U.S. currency was seized from him. Def.'s Mot. 1–2, ECF No. 170-8; Gov't Opp'n 10, ECF No. 173. Now pending is Defendant's Motion to Set Aside Forfeiture with regard to that U.S. currency. ECF Nos. 170, 170-8. The parties fully briefed the Motion. ECF Nos. 173 & 177. A hearing is not necessary. *See* Loc. R. 105.6; 207. Because Ramos Duarte received notice of forfeiture and had time to file a timely claim, I will deny his Motion.

## Background

The United States Customs and Border Protection ("USCBP") initiated administrative forfeiture proceedings against $5,414.00 that had been seized from Ramos Duarte when he was arrested in San Ysidro, California on October 25, 2010. Def.'s Mot. 1–2; Gov't Opp'n 10.

When USCBP "issued notice of the seizure and administrative forfeiture proceedings ['Notice']" on November 9, 2010, Ramos Duarte was incarcerated at the Metropolitan Correction Center in San Diego, California. Gov't Opp'n 10; Def.'s Mot. 2; *see* Notice, ECF No. 170-1. He acknowledges that he received the Notice. Def.'s Mot. 2, 6; Gov't Opp'n 10.

The Notice informed him that he could "file a petition with [USCBP] for the remission of forfeiture within 30 days from the date of [the Notice]," that is, by December 9, 2010, or "file a claim to the property with [USCBP] pursuant to 18 U.S.C. § 983(a)(2) by January 3, 2011." Notice 1–2.[1] He also could "choose to do nothing," in which case USCBP could "initiate forfeiture action," but it directed him to "complete the Election of Proceedings Form and return it to CBP" even if he decided to "abandon[] the property." *Id.*

On November 18, 2010, Ramos Duarte "was put 'in transit' and transported to a final destination of Charles County, Maryland to face the criminal charges against him." Def.'s Mot. 2; *see* Gov't Opp'n 10; Def. Aff. ¶ 4, ECF No. 170-2. Ramos Duarte arrived at the Charles County Jail on November 30, 2010. Def. Aff. ¶ 4; Gov't Opp'n 10; Def. Reply 3.

He argues that he could not file a petition or claim before the expiration of the thirty-day period because he was in transit and did not have access to his legal documents. Def.'s Mot. 4. According to Ramos Duarte, "From mid-November to mid-December, [he] was in Transit and without his legal paperwork, including the seizure notice from the CBP, which prevented him from being able to file his claim during the applicable time period." *Id.* He asserts that "[h]e was subjected to a 72-hour lockdown upon arrival for medical evaluation." Def.'s Reply 3. Ramos Duarte insists that the deadline for him to respond to the Notice was December 9, 2010.

---

[1] In Defendant's view, only the December date applied. Def.'s Mot. 4; Def.'s Reply 2–3. Defendant appears to ignore the language on page 2 of the Notice.

Def.'s Mot 4.  He also contends that "[u]pon arrival at the Charles County jail, he immediately asked his attorney about the return of his property seized in San Ysidro." *Id*. at 5. Ramos Duarte asserts that, "[f]or whatever reason, [his] attorney informed him (erroneously) that that particular issue could not be resolved until after his criminal matter was resolved."  Def.'s Mot. 2; *see* Claims ("The Reason I did not file my asset claim form before this date was that my lawyer advised me to wait till [sic] after I was sentenced so my actions were at the advice of legal counsel.").

Relying on that advice, Ramos Duarte did not file a claim until after he was sentenced on May 31, 2013.  Def.'s Mot 2.  He asserts that he filed a claim "[i]mmediately after Sentencing," *id.*, but his first claim is dated September 3, 2013, *see* Claims, ECF No. 170-3.  Meanwhile, the USCBP had administratively forfeited the $5,414 seized from Ramos Duarte because it had not received a timely claim.  Def.'s Mot. 3; Gov't Opp'n 11; Feb. 10, 2014 Resp. to Claim, ECF No. 170-4.

## Discussion

"[T]he exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute" is to file a motion pursuant to 18 U.S.C. § 983(e).  18 U.S.C. § 983(e)(5). Section 983(e)(1) provides:

> **(e) Motion to set aside forfeiture.--**
>
> **(1)** Any person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property, which motion shall be granted if--
>
> **(A)** the Government knew, or reasonably should have known, of the moving party's interest and failed to take reasonable steps to provide such party with notice; and
>
> **(B)** the moving party did not know or have reason to know of the seizure within sufficient time to file a timely claim.

3

*Washington v. U.S. Attorney*, No. JFM-15-3581, 2016 WL 6583607, at *1 (D. Md. Nov. 3, 2016) ("Under 18 U.S.C. § 983(e), an "interested party" may move to set aside a declaration of forfeiture if (i) the government failed to take reasonable steps to provide him with notice, and (ii) the moving party did not otherwise know or have reason to know of the forfeiture in time to file a timely claim."). The Government bears the burden of showing that "it took 'reasonable steps' to provide actual notice to a federal prisoner at his place of pretrial detention." *Washington*, 2016 WL 6583607, at *1 (citing *United States v. Minor*, 228 F.3d 352, 358 (4th Cir. 2000)).

Here, that burden is met, as Ramos Duarte concedes that he received the Notice, and attaches the Notice to his Motion. *See* Def.'s Mot. 2; Notice. I also will consider the adequacy of the Notice. *See Bostic v. United States*, No. WDQ-13-2731, 2015 WL 4389329, at *3 (D. Md. July 14, 2015) (observing that the criminal defendant "never allege[d] that the government failed to provide adequate notice" but rather "state[d] that he believed the property would be returned to him at the close of his criminal case," and then liberally construing the motion "as challenging . . .the adequacy of the government's notice" and therefore assessing the adequacy). Ramos Duarte received it and had it in his possession, and it informed him of his options and the applicable deadlines; warned him that if he "d[id] nothing," USCBP could "initiate forfeiture action"; and directed him to "complete the Election of Proceedings Form and return it to CBP" even if he decided to "abandon[] the property." Notice 1–2. Indeed, it prompted Ramos Duarte to ask his counsel about filing a claim and eventually lead him to file a claim. *See* Def.'s Mot. 2; Claims. Thus, the Notice was adequate. *See Bostic*, 2015 WL 4389329, at *4 (concluding that notice was adequate where it "apprised Bostic of his right to file a claim or petition for the property"). Moreover, given that the statute is conjunctive, requiring that the Government fail to take reasonable steps to provide notice *and* that the interested party did not know in time to file a

timely claim, Ramos Duarte's Motion appears without merit. *See* 18 U.S.C. § 983(e)(1)(A)–(B); *Washington*, 2016 WL 6583607, at *3 (denying motion to set aside final administrative forfeiture where the criminal defendant "advance[d] no allegation of insufficient or improper notice" and the Government "sent notices addressed to him at three different locations, published notice to the general public, sent a second round of notices to him at two different locations, and administratively forfeited the seized property only after all claim deadlines had expired and no claims were f[]iled"); *Bostic*, 2015 WL 4389329, at *4 (denying motion to set aside forfeiture of U.S. currency because, even though Bostic received notice by mail and publication and the notices were adequate, he did not file a timely claim or petition for the property).

Nonetheless, Ramos Duarte argues that equitable tolling should apply to allow his claim to be heard. Def.'s Mot. 6. "Equitable tolling is available in "those 'rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party and gross injustice would result."'" *United States v. Kidd*, No. ELH-12-0606, 2017 WL 1153868, at *3 (D. Md. Mar. 27, 2017) (quoting *Whiteside v. United States*, 775 F.3d 180, 184 (4th Cir. 2014) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc))). Equitable tolling only applies under "extraordinary circumstances." *Id.* (quoting *Holland v. Florida*, 560 U.S. 631, 634 (2010)).

> For relief under a theory of equitable tolling, an otherwise time-barred petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). But, only "'reasonable diligence'" is required. *Holland*, 560 U.S. at 653 (citation omitted). There is no requirement for "maximum feasible diligence." (Citations and internal quotations omitted).

*Id.*

5

Ramos Duarte insists that "Congress wanted forfeitures to be set aside when claimants lacked the opportunity (ie- knowledge) to file claims timely," and therefore this forfeiture should be set aside because he "lacked the opportunity (ie- ability) to file a timely claim because he was in transit without his personal property for the duration of the response period." Def.'s Mot. 6. The evidence Defendant offers is to the contrary: He arrived at Charles County Jail on November 30, 2010, and his claim was not due until January 3, 2011, more than a month later. *See* Def. Aff. ¶ 4; Notice 2.

He also argues for equitable tolling on the basis that, as soon as he reached Charles County Jail, his attorney told him not to move forward with the forfeiture claim. Yet, his definition of immediacy is questionable, as he states that he filed a claim "[i]mmediately after Sentencing," when he actually did not file a claim until more than three months later, *see* Def.'s Mot. 2; Claims. Moreover, a claim such as Ramos Duarte's, that his counsel provided ineffective assistance, typically "does not warrant equitable tolling." *Kidd*, 2017 WL 1153868, at *3 (citing *Holland*, 560 U.S. at 651-51; *Harris*, 209 F.3d at 328–31 (denying equitable tolling where attorney conceded that he gave petitioner "erroneous" advice regarding the deadline for filing his habeas petition)). And a party's "lack of familiarity with the law [also is not] considered an extraordinary circumstance warranting equitable tolling." *Id.* (citing *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004)).

Further, even if Ramos Duarte met with counsel immediately, such that he did not have the opportunity to file the claim of his own accord before receiving erroneous advice, and even if he was informed by counsel that he did not need to file the claim until after trial, these are not the extraordinary circumstances warranting equitable tolling. Ramos Duarte has not shown that he exercised reasonable diligence, as he had the plain language of the Notice itself in his possession

when his attorney advised him otherwise.  He has not demonstrated that he showed the Notice to his attorney, asked his attorney why his advice contradicted the explicit instructions in the notice, or made any other effort to reconcile the conflicting directions.  Additionally, he has not shown that, following trial, he acted reasonably diligently in filing the claim within a reasonable period, such as a period similar to that provided in the Notice.  Rather, he waited more than three months before filing his claim, and he has not provided any justification for that delay.  Therefore, he is not entitled to equitable tolling.  *See Holland*, 560 U.S. at 634, 649; *Whiteside*, 775 F.3d at 184; *Kidd*, 2017 WL 1153868, at *3; *Rouse*, 339 F.3d at 246.

## ORDER

For the reasons stated in this Memorandum Opinion and Order, it is, this 3rd day of April, 2017, hereby ORDERED that Defendant's Motion to Set Aside Forfeiture, ECF No. 170, IS DENIED.  The Clerk SHALL MAIL a copy to Defendant at

> Nery Gustavo Ramos Duarte
> Reg. No. 22817-298
> FCI-Fort Dix
> PO Box 2000
> Joint Base MDL, NJ 08640.

/S/
Paul W. Grimm
United States District Judge

lyb