**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **UNITED STATES,** | |
| *Plaintiff,* | \* |
| | \* |
| | **Case No.: 8:10-cr-308-4-PWG** |
| **v.** | \* |
| **NERY GUSTAVO RAMOS DUARTE,** | \* |
| *Defendants.* | \* |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**ORDER DENYING PETITIONER'S 28 U.S.C. § 2255 MOTION**
**TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Nery G. Ramos Duarte was charged in a four count indictment along with four codefendants on June 8, 2010. ECF 1. Mr. Duarte was charged with conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 846; conspiracy to import controlled substances, in violation of 21 U.S.C. § 963; conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(h); and conspiracy to smuggle bulk cash outside of the United Sates in violation of 18 U.S.C. § 371. ECF 1. Mr. Duarte appeared for his initial appearance on December 1, 2010, at which time he was advised of his rights. ECF 16. A jury convicted Mr. Duarte on all four

1

counts of the indictment on December 13, 2012. ECF 104, 105. I sentenced Mr. Duarte to 160 months imprisonment on each of Counts 1,2,3, to run concurrently, and 60 months imprisonment as to Count 4, to run consecutive to Counts 1,2, and 3. ECF 124.

On July 24, 2015, Mr. Duarte filed his first Motion to Vacate under 28 U.S.C. 2255, ECF 174, which I denied. ECF 188. Mr. Duarte filed the pending Motion to Vacate on April 20, 2020. ECF 211.

Mr. Duarte now asks the Court to "discharge [him] in the interest of justice" on the theory that the charging indictment was "not returned or presented in open Court publicly by the Grand jury as mandated by the Fifth Amendment…" *Id*. He goes on to argue that "the Docket of the Court proceedings regarding this matter is void of any entry or proof that the indictment was presented or returned in open Court by the Grand Jury nor was it filed in open Court as required by the Fifth Amendment." *Id.* Accordingly, he reasons, the Court lacked jurisdiction under the Fifth Amendment, and that he must be immediately released. *Id.*[1]

This is the second § 2255 motion that Mr. Duarte has filed in this case. *See* ECF 174. A "second or successive motion" under § 2255 "must be certified as provided in 28 U.S.C. § 2244

---

[1]    In subsequent filings, Mr. Duarte incorrectly asserts that the Government failed to timely oppose his Motion. *See* ECF 215; 218.  In fact, the Government timely opposed Mr. Duarte's Motion on July 17, 2020. *See* ECF 213; 214.

by a panel of the appropriate court of appeals to contain-- (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  District Courts may not consider the merits of a second § 2255 motion if the petitioner has failed to obtain certification from the appropriate Court of Appeals. *Elliott v. United States*, No. CR PJM-97-53, 2018 WL 1914255, at *1 (D. Md. Jan. 10, 2018). "Where a petitioner who has previously filed a § 2255 motion attempts to raise a new claim for relief, it must be treated as a successive motion and dismissed, unless the claims asserted may not have been available to him at the time his first motion was filed." *Allen v. United States*, No. CR CCB-95-0405, 2015 WL 8479215, at *2 (D. Md. Dec. 10, 2015).

Mr. Duarte's Motion seeks relief on Fifth Amendment grounds related to the purported failure to present the Grand Jury's indictment of Mr. Duarte in open Court in 2010. Motion at 1. Plainly, this claim was available to Mr. Duarte when he filed his first § 2255 Motion in 2015. ECF 174. Accordingly, Mr. Duarte's present Motion is successive, and I may not address its merits absent a certification from the Fourth Circuit.

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain authorization to file a successive motion. The procedural requirements and deadlines for filing the motion are extensive. The Clerk will be directed to include with this Order a packet of instructions provided by the Fourth Circuit, which petitioner must follow if he wants authorization to file a successive petition.

Finally, I must consider whether to issue a certificate of appealability, without which Mr. Duarte may not appeal this decision in the Fourth Circuit. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c). A certificate of appealability for a § 2255 motion may only issue if "the applicant has made a substantial showing of the denial of a constitutional right." *Id.*

Mr. Duarte has not made such a showing. His Motion is based entirely on the notion that his indictment was not presented in open court. But a cursory review of the record indicates Mr. Duarte is mistaken. His indictment was unsealed on October 26, 2010. ECF 10. Mr. Duarte was arraigned and advised of his rights at his initial appearance on December 1, 2010. ECF 16. And Mr. Duarte was tried by a jury in open court prior to his conviction on December 14, 2012. ECF 85–105. Because Mr. Duarte has not made a substantial showing of the denial of his constitutional rights, a certificate of appealability will not issue.

For those reasons stated herein it is hereby ORDERED:

4

1. Mr. Duarte's Motion to Vacate pursuant to 28 U.S.C. § 2255, ECF 211, is DISMISSED without prejudice;

2. A certificate of appealability shall not issue;

3. The Clerk shall PROVIDE a copy of the foregoing Order and a copy of the instructions and form packet for filing a motion under 28 U.S.C. § 2244 (authorization of district court to consider second or successive application for relief) to Mr. Duarte; and

4. The Clerk shall CLOSE the related civil case, Case No. 8:20-cv-800-PWG.

Dated: April 19, 2022

_____/S/_____
Paul W. Grimm
United States District Judge